## COUNT FOUR – WRONGFUL DEATH

### SANDRA WESTRAY v. JEFFERSON ASSOCIATES IN RADIOLOGY

137.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

138.    At all times relevant, Defendant Dr. Cynthia Miller, who cared for and was responsible

for the diagnosis and treatment of the Decedent, was the duly appointed servant, employee,

agent and/or ostensible agent of Defendant Jefferson Associates in Radiology and acted

within the scope of her agency and/or employment.  In addition, Defendant Dr. Cynthia

Miller either worked in, operated out of, and/or had privileges at Defendant Jefferson

Associates in Radiology.

139.    Defendant Jefferson Associates in Radiology is directly liable for its own corporate

negligence, and vicariously liable for the conduct of its employees, agents, and/or ostensible

agents, including Defendant Dr. Cynthia Miller, who acted within the scope of their agency

and/or employment in the care and treatment of Plaintiff's Decedent at Defendant Jefferson

Associates in Radiology in the following aspects:

      a.   Failure to properly and adequately supervise, monitor, and train its employees,

         servants, agents, and/or ostensible agents including Dr. Cynthia Miller;

      b.   Failure to ensure that its employees, servants, agents, and/or ostensible agents

         including Dr. Cynthia Miller timely and properly interpreted the chest x-ray of

         Milton Westray in December 2011, and recommended a chest CT Scan for further

         evaluation of the Plaintiff's decedent Milton Westray in light of his family history

         of lung cancer;

Case ID: 140400575

c.  Failure to employ and retain competent physicians that would have timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT scan for further evaluation in light of his family history of lung cancer;

d.  Failure to adopt and enforce appropriate rules and procedures for the timely and proper interpretation of radiological studies including of the chest x-ray of Milton Westray in December 2011;

e.  Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely diagnosed  Plaintiff's decedent Milton Westray's lung cancer; and

f.  Failure to ensure that its employees, servants, agents and/or ostensible agents including Dr. Cynthia Miller complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

140.   The actions, inactions, errors, and/or omissions described in Paragraphs 166(a) through (f) above of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller, substantially increased the Decedent's risk of harm, injury, and morbidity.

141.   By reason of and as a result of the negligence and carelessness of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson Associates in Radiology of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, the Decedent's non-small cell adenocarcinoma of the lungs remained

46

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

142.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson Associates in Radiology of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, various expenses were incurred for Mr. Westray's funeral and burial.

143.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson Associates in Radiology of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, Plaintiff Sandra Westray suffered pecuniary losses on account of the death of her husband Milton Westray, and is thus entitled to recover for those pecuniary losses.

**WHEREFORE**, Plaintiff Sandra Westray, individually, and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Jefferson Associates in Radiology, jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

Case ID: 140400575

## COUNT FIVE – WRONGFUL DEATH

## SANDRA WESTRAY v. JEFFERSON UNIVERSITY PHYSICIANS

144.   Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

145.   At all times relevant, Defendant Dr. Cynthia Miller, who cared for and was responsible for the diagnosis and treatment of the Decedent, was the duly appointed servant, employee, agent and/or ostensible agent of Defendant Jefferson University Physicians and acted within the scope of her agency and/or employment.  In addition, Defendant Dr. Cynthia Miller either worked in, operated out of, and/or had privileges at Defendant Jefferson University Physicians.

146.   Defendant Jefferson University Physicians is directly liable for its own corporate negligence, and vicariously liable for the conduct of its employees, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, who acted within the scope of their agency and/or employment in the care and treatment of Plaintiff's Decedent at Defendant Jefferson University Physicians in the following aspects:

   a.   Failure to properly and adequately supervise, monitor, and train its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller;

   b.   Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT Scan for further evaluation of the Plaintiff's decedent Milton Westray in light of his family history of lung cancer;

48

c.  Failure to employ and retain competent physicians that would have timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT scan for further evaluation in light of his family history of lung cancer;

d.  Failure to adopt and enforce appropriate rules and procedures for the timely and proper interpretation of radiological studies including of the chest x-ray of Milton Westray in December 2011;

e.  Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely diagnosed  Plaintiff's decedent Milton Westray's lung cancer; and

f.  Failure to ensure that its employees, servants, agents and/or ostensible agents including Dr. Cynthia Miller complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

147.  The actions, inactions, errors, and/or omissions described in Paragraphs 173 (a) through (f) above of Defendant Jefferson University Physicians, acting by and through its employees, servants, agents and/or ostensible agents including Dr. Cynthia Miller, substantially increased the Decedent's risk of harm, injury, and morbidity.

148.  By reason of and as a result of the negligence and carelessness of Defendant Jefferson University Physicians, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson University Physicians of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed

49

until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

149.    By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson University Physicians, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson University Physicians of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, various expenses were incurred for Mr. Westray's funeral and burial.

150.    By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson University Physicians, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson University Physicians of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, Plaintiff Sandra Westray suffered pecuniary losses on account of the death of her husband Milton Westray, and is thus entitled to recover for those pecuniary losses.

**WHEREFORE**, Plaintiff Sandra Westray, individually, and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Jefferson University Physicians, jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

50

## COUNT SIX – WRONGFUL DEATH

### SANDRA WESTRAY v. DONNA RAZIANO, M.D.

151.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

152.    Defendant Dr. Donna Raziano, at all times relevant, held herself out as a licensed

physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients,

including Mr. Westray, with signs and symptoms of lung cancer.

153.    Dr. Raziano, as Mr. Westray's treating physician, acted negligently and carelessly in the

performance of the following acts and/or omissions:

      a.    Failure to properly diagnose and timely treat the Decedent's lung cancer;

      b.    Failure to consider lung cancer as the cause of Mr. Westray's signs and

          symptoms; and

      c.    Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or

          pulmonary function test to further evaluate Mr. Westray's presenting signs and

          symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening

          peripheral edema, and cough, despite his family history of lung cancer;

154.    The liability imposing conducts of Defendant Dr. Raziano, acting individually and/or

jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and

morbidity.

155.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Dr. Raziano, the Decedent's non-small cell adenocarcinoma of the lungs remained

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain,

51

pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

156.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Raziano, various expenses were incurred for Mr. Westray's funeral and burial.

157.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Raziano, Plaintiff Sandra Westray, decedent's wife, suffered pecuniary losses on account of the death of Mr. Milton Westray, and is thus entitled to recover for those pecuniary loses.

**WHEREFORE**, Plaintiff Sandra Westray, individually, and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Donna Raziano, M.D., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT SEVEN – WRONGFUL DEATH

## SANDRA WESTRAY v. LAWANDA GOEHRING, C.R.N.P.

158.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

159.    Defendant Lawanda Goehring, C.R.N.P., at all times relevant, held herself out as a certified registered nurse practitioner, qualified to provide primary/nursing care and treatment to patients, including Mr. Westray, with signs and symptoms of lung cancer.

160.    Deborah Lawanda Goehring, as Mr. Westray's certified registered nurse practitioner, acted negligently and carelessly in the performance of the following acts and/or omissions:

      a.    Failure to properly diagnose and timely treat the Decedent's lung cancer;

Case ID: 140400575

   b. Failure to consider lung cancer as the cause of Mr. Westray's signs and

   symptoms; and

   c. Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or

   pulmonary function test to further evaluate Mr. Westray's presenting signs and

   symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening

   peripheral edema, and cough, despite his family history of lung cancer;

161.    The liability imposing conducts of Defendant Lawanda Goehring, C.R.N.P., acting

individually and/or jointly and/or severally, substantially increased the Decedent's risk of

harm, injury, and morbidity.

162.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Defendant Lawanda Goehring, C.R.N.P., the Decedent's non-small cell adenocarcinoma

of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal

lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to

excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

163.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Lawanda Goehring, C.R.N.P., various expenses were incurred for Mr. Westray's

funeral and burial.

164.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Lawanda Goehring, C.R.N.P., Plaintiff Sandra Westray, decedent's wife, suffered

pecuniary losses on account of the death of Mr. Milton Westray, and is thus entitled to

recover for those pecuniary loses.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of

the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant

Case ID: 140400575

Lawanda Goehring, C.R.N.P., jointly and severally with the other named Defendants, in an

amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

### COUNT EIGHT – WRONGFUL DEATH

### SANDRA WESTRAY v. PAMNEIT BHOGAL, M.D.

165.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

166.    Defendant Dr. Pamneit Bhogal, at all times relevant, held herself out as a licensed

physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients,

including Mr. Westray, with signs and symptoms of lung cancer.

167.    Dr. Bhogal, as Mr. Westray's treating physician, acted negligently and carelessly in the

performance of the following acts and/or omissions:

      a.   Failure to properly diagnose and timely treat the Decedent's lung cancer;

      b.   Failure to consider lung cancer as the cause of Mr. Westray's signs and

          symptoms; and

      c.   Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or

          pulmonary function test to further evaluate Mr. Westray's presenting signs and

          symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening

          peripheral edema, and cough, despite his family history of lung cancer;

168.    The liability imposing conducts of Defendant Dr. Bhogal, acting individually and/or

jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and

morbidity.

169.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Dr. Bhogal, the Decedent's non-small cell adenocarcinoma of the lungs remained

Case ID: 140400575

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

170.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Bhogal, various expenses were incurred for Mr. Westray's funeral and burial.

171.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Bhogal, Plaintiff Sandra Westray, decedent's wife, suffered pecuniary losses on account of the death of Mr. Milton Westray, and is thus entitled to recover for those pecuniary loses.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Pamneit Bhogal, M.D., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

### COUNT NINE – WRONGFUL DEATH

### SANDRA WESTRAY v. VERONICA COVALESKY, M.D., F.A.C.C.

172.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

173.    Defendant Dr. Veronica Covalesky, F.A.C.C., at all times relevant, held herself out as a licensed physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients, including Mr. Westray, with signs and symptoms of lung cancer.

174.    Dr. Covalesky, as Mr. Westray's treating physician, acted negligently and carelessly in the performance of the following acts and/or omissions:

   a.    Failure to properly diagnose and timely treat the Decedent's lung cancer;

Case ID: 140400575

      b.  Failure to consider lung cancer as the cause of Mr. Westray's signs and symptoms; and

      c.  Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or pulmonary function test to further evaluate Mr. Westray's presenting signs and symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough, despite his family history of lung cancer;

175.   The liability imposing conducts of Defendant Dr. Covalesky, acting individually and/or jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and morbidity.

176.   By reason of and as a result of the aforesaid incidents and the negligence and carelessness of Dr. Covalesky, the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

177.   By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Covalesky, various expenses were incurred for Mr. Westray's funeral and burial.

178.   By reason of and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Covalesky, Plaintiff Sandra Westray, decedent's wife, suffered pecuniary losses on account of the death of Mr. Milton Westray, and is thus entitled to recover for those pecuniary loses.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant

Veronica Covalesky, M.D., F.A.C.C., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT TEN – WRONGFUL DEATH

### SANDRA WESTRAY v. CYNTHIA MILLER, M.D.

179.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

180.    Defendant Dr. Cynthia Miller, at all times relevant, held herself out as a licensed physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients, including Mr. Westray, with signs and symptoms of lung cancer.

181.    Dr. Miller, as Mr. Westray's treating physician, acted negligently and carelessly in the performance of the following acts and/or omissions:

   a.   Failure to timely and properly interpret the chest x-ray of Milton Westray in December 2011;

   b.   Failure to recommend a chest CT Scan for further evaluation of the Plaintiff's decedent Milton Westray in light of his presenting signs and symptoms, and family history of lung cancer; and

   c.   Failure to consider lung malignancy as the cause of Mr. Westray's clinical signs and symptoms despite his family history of lung cancer.

182.    The actions, inactions, errors, and/or omissions of Defendant Dr. Miller, acting individually and/or jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and morbidity.

183.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness of Dr. Miller, the Decedent's non-small cell adenocarcinoma of the lungs remained

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, loss of enjoyment of life, and, ultimately, painful death.

184.   By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Miller, various expenses were incurred for Mr. Westray's funeral and burial.

185.   By reason of and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Miller, Plaintiff Sandra Westray, decedent's wife, suffered pecuniary losses on account of the death of Mr. Milton Westray, and is thus entitled to recover for those pecuniary loses.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Cynthia Miller, M.D., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT ELEVEN – SURVIVAL

### SANDRA WESTRAY v. MERCY LIFE

186.   Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

187.   At all times relevant, Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., who cared for and were responsible for the diagnosis and treatment of the Decedent, were the duly appointed servants, employees, agents and/or ostensible agents of Defendant Mercy Life and acted within the scope of their agency and/or employment.  In addition, Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P. either worked in, operated out of, and/or had privileges at Defendant Mercy Life.

58

188.    Defendant Mercy Life is directly liable for its own corporate negligence, and vicariously

liable for the conduct of its employees, agents, and/or ostensible agents, including

Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., who acted within the

scope of their agency and/or employment in the care and treatment of Plaintiff's Decedent at

Defendant Mercy Life  in the following aspects:

   a.   Failure to properly and adequately supervise, monitor, and train its employees,

        servants, agents, and/or ostensible agents including Defendants Dr. Raziano and

        CRNP Goehring;

   b.   Failure to ensure that its employees, servants, agents, and/or ostensible agents

        including Defendants  Dr. Raziano and CRNP Goehring timely and properly

        diagnosed, identified, and evaluated with a chest CT Scan Plaintiff's decedent

        Milton Westray's presenting symptoms of shortness of breath, chest pain,

        weakness, fatigue, worsening peripheral edema, and cough despite his family

        history of lung cancer;

   c.   Failure to ensure that its employees, servants, agents, and/or ostensible agents

        including Defendants  Dr. Raziano and CRNP Goehring ordered a chest CT Scan

        in 2011 to rule out malignancy in Milton Westray despite his presenting

        symptoms of shortness of breath, chest pain, weakness, fatigue, worsening

        peripheral edema, and cough, and despite his family history of lung cancer;

   d.   Failure to employ and retain competent physicians that would have timely and

        properly diagnosed, identified, and evaluated with a chest CT Scan Milton

        Westray's symptoms including shortness of breath, chest pain, weakness, fatigue,

59

worsening peripheral edema, and cough in light of his family history of lung cancer;

    e.   Failure to adopt and enforce appropriate rules and procedures for the timely and proper evaluation and diagnosis of patients, including Plaintiff's decedent Milton Westray with presenting symptoms including shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough;

    f.   Failure to ensure that its employees, servants, agents, and/or ostensible agents including Defendants Dr. Raziano and CRNP Goehring timely diagnosed Plaintiff's decedent Milton Westray's lung cancer; and

    g.   Failure to ensure that its employees, servants, agents and/or ostensible agents including Defendants Dr. Raziano and CRNP Goehring complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

189.    The liability imposing conducts of Defendant Mercy Life, acting by and through its employees, servants, agents and/or ostensible agents including Defendants Dr. Raziano and CRNP Goehring, substantially increased the Decedent's risk of harm, injury, and morbidity.

190.    By reason of and as a result of the negligence and carelessness of Defendant Mercy Life, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Mercy Life of its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal

lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss of enjoyment of life.

191.    By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Mercy Life, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Mercy Life of its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., the Decedent suffered serious, severe, and permanent injuries, which included, but were not limited to loss of chances of cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

192.    By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Mercy Life, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Mercy Life of its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., Plaintiff's decedent Milton Westray was forced to incur, and did incur various expenses for medical care and treatment.

193.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's conscious pain and suffering and all other pecuniary losses which the decedent sustained as a result of the negligence and carelessness of the Defendants.

Case ID: 140400575

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Mercy Life, jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT TWELVE – SURVIVAL

## SANDRA WESTRAY v. MERCY HEALTH SYSTEM

194.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

195.    At all times relevant, Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., who cared for and were responsible for the diagnosis and treatment of the Decedent, were the duly appointed servants, employees, agents and/or ostensible agents of Defendant Mercy Health System and acted within the scope of their agency and/or employment.  In addition, Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P. either worked in, operated out of, and/or had privileges at Defendant Mercy Health System.

196.    Defendant Mercy Health System is directly liable for its own corporate negligence, and vicariously liable for the conduct of its employees, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., who acted within the scope of their agency and/or employment in the care and treatment of Plaintiff's Decedent at Defendant Mercy Health System in the following aspects:

      a.  Failure to properly and adequately supervise, monitor, and train its employees, servants, agents, and/or ostensible agents including Defendants Dr. Raziano and CRNP Goehring;

Case ID: 140400575

b.  Failure to ensure that its employees, servants, agents, and/or ostensible agents
    including Defendants  Dr. Raziano and CRNP Goehring timely and properly
    diagnosed, identified, and evaluated with a chest CT Scan Plaintiff's decedent
    Milton Westray's presenting symptoms of shortness of breath, chest pain,
    weakness, fatigue, worsening peripheral edema, and cough despite his family
    history of lung cancer;

c.  Failure to ensure that its employees, servants, agents, and/or ostensible agents
    including Defendants  Dr. Raziano and CRNP Goehring ordered a chest CT Scan
    in 2011 to rule out malignancy in Milton Westray despite his presenting
    symptoms of shortness of breath, chest pain, weakness, fatigue, worsening
    peripheral edema, and cough, and despite his family history of lung cancer;

d.  Failure to employ and retain competent physicians that would have timely and
    properly diagnosed, identified, and evaluated with a chest CT Scan Milton
    Westray's symptoms including shortness of breath, chest pain, weakness, fatigue,
    worsening peripheral edema, and cough in light of his family history of lung
    cancer;

e.  Failure to adopt and enforce appropriate rules and procedures for the timely and
    proper evaluation and diagnosis of patients, including Plaintiff's decedent Milton
    Westray with presenting symptoms including shortness of breath, chest pain,
    weakness, fatigue, worsening peripheral edema, and cough;

f.  Failure to ensure that its employees, servants, agents, and/or ostensible agents
    including Defendants  Dr. Raziano and CRNP Goehring timely diagnosed
    Plaintiff's decedent Milton Westray's lung cancer; and

63

Case ID: 140400575

g.  Failure to ensure that its employees, servants, agents and/or ostensible agents including Defendants Dr. Raziano and CRNP Goehring complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

197.   The liability imposing conducts of Defendant Mercy Health System, acting by and through its employees, servants, agents and/or ostensible agents including Defendants Dr. Raziano and CRNP Goehring, substantially increased the Decedent's risk of harm, injury, and morbidity.

198.   By reason of and as a result of the negligence and carelessness of Defendant Mercy Health System, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Mercy Health System of its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss of enjoyment of life.

199.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Mercy Health System, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Mercy Health System of its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring,

64

C.R.N.P., the Decedent suffered serious, severe, and permanent injuries, which included, but were not limited to loss of chances of cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

200.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Mercy Health System, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Mercy Health System of its employees, servants, agents, and/or ostensible agents, including Defendants Dr. Donna Raziano and Lawanda Goehring, C.R.N.P., Plaintiff's decedent Milton Westray was forced to incur, and did incur various expenses for medical care and treatment.

201.   Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's conscious pain and suffering and all other pecuniary losses which the decedent sustained as a result of the negligence and carelessness of the Defendants.

**WHEREFORE,** Plaintiff Sandra Westray, individually, and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Mercy Health System, jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT TWELVE– SURVIVAL

### SANDRA WESTRAY v. CARDIOLOGY CONSULTANTS OF PHILADELPHIA, P.C.

202.   Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

Case ID: 140400575

203.    At all times relevant, Defendant Dr. Veronica Covalesky, who cared for and were responsible for the diagnosis and treatment of the Decedent, was the duly appointed servants, employee, agent and/or ostensible agent of Defendant Cardiology Consultants of Philadelphia, P.C. and acted within the scope of her agency and/or employment.  In addition, Defendant Dr. Veronica Covalesky either worked in, operated out of, and/or had privileges at Defendant Cardiology Consultants of Philadelphia, P.C.

204.    Defendant Cardiology Consultants of Philadelphia, P.C. is directly liable for its own corporate negligence, and vicariously liable for the conduct of its employees, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, who acted within the scope of their agency and/or employment in the care and treatment of Plaintiff's Decedent at Defendant Cardiology Consultants of Philadelphia, P.C. in the following aspects:

      a.    Failure to properly and adequately supervise, monitor, and train its employees, servants, agents, and/or ostensible agents including Dr. Veronica Covalesky;

      b.    Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Veronica Covalesky timely and properly diagnosed, identified, and evaluated with a chest CT Scan Plaintiff's decedent Milton Westray's presenting symptoms of shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough despite his family history of lung cancer;

      c.    Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Veronica Covalesky ordered a chest CT Scan in 2011 to rule out malignancy in Milton Westray despite his presenting symptoms of shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough, and despite his family history of lung cancer;

66

d.   Failure to employ and retain competent physicians that would have timely and properly diagnosed, identified, and evaluated with a chest CT Scan Milton Westray's symptoms including shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough in light of his family history of lung cancer;

e.   Failure to adopt and enforce appropriate rules and procedures for the timely and proper evaluation and diagnosis of patients, including Plaintiff's decedent Milton Westray with presenting symptoms including shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough;

f.   Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Veronica Covalesky timely diagnosed  Plaintiff's decedent Milton Westray's lung cancer; and

g.   Failure to ensure that its employees, servants, agents and/or ostensible agents including Dr. Veronica Covalesky complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

205.   The liability imposing conducts of Defendant Cardiology Consultants of Philadelphia, P.C., acting by and through its employees, servants, agents and/or ostensible agents including Dr. Veronica Covalesky, substantially increased the Decedent's risk of harm, injury, and morbidity.

206.   By reason of and as a result of the negligence and carelessness of Defendant Cardiology Consultants of Philadelphia, P.C., acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Cardiology

67

Consultants of Philadelphia, P.C. of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss of enjoyment of life.

207.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Cardiology Consultants of Philadelphia, P.C., acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Cardiology Consultants of Philadelphia, P.C.of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, the Decedent suffered serious, severe, and permanent injuries, which included, but were not limited to loss of chances of cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

208.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Cardiology Consultants of Philadelphia, P.C., acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Cardiology Consultants of Philadelphia, P.C. of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Veronica Covalesky, Plaintiff's decedent Milton Westray was forced to incur, and did incur various expenses for medical care and treatment.

Case ID: 140400575

209.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's

conscious pain and suffering and all other pecuniary losses which the decedent sustained as a

result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of

the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant

Cardiology Consultants of Philadelphia, P.C., jointly and severally with the other named

Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and

interests.

### COUNT THIRTEEN - SURVIVAL

### SANDRA WESTRAY v. JEFFERSON ASSOCIATES IN RADIOLOGY

210.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

211.    At all times relevant, Defendant Dr. Cynthia Miller, who cared for and was responsible

for the diagnosis and treatment of the Decedent, was the duly appointed servants, employee,

agent and/or ostensible agent of Defendant Jefferson Associates in Radiology and acted

within the scope of her agency and/or employment.  In addition, Defendant Dr. Cynthia

Miller either worked in, operated out of, and/or had privileges at Defendant Jefferson

Associates in Radiology.

212.    Defendant Jefferson Associates in Radiology is directly liable for its own corporate

negligence, and vicariously liable for the conduct of its employees, agents, and/or ostensible

agents, including Defendant Dr. Cynthia Miller, who acted within the scope of their agency

and/or employment in the care and treatment of Plaintiff's Decedent at Defendant Jefferson

Associates in Radiology in the following aspects:

Case ID: 140400575

a. Failure to properly and adequately supervise, monitor, and train its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller;

b. Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT Scan for further evaluation of the Plaintiff's decedent Milton Westray in light of his family history of lung cancer;

c. Failure to employ and retain competent physicians that would have timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT scan for further evaluation in light of his family history of lung cancer;

d. Failure to adopt and enforce appropriate rules and procedures for the timely and proper interpretation of radiological studies including of the chest x-ray of Milton Westray in December 2011;

e. Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely diagnosed  Plaintiff's decedent Milton Westray's lung cancer; and

f. Failure to ensure that its employees, servants, agents and/or ostensible agents including Dr. Cynthia Miller complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

213. The actions, inactions, errors, and/or omissions described in Paragraphs 270 (a) through (f) above of Defendant Jefferson Associates in Radiology, acting by and through its

70

employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller, substantially increased the Decedent's risk of harm, injury, and morbidity.

214.   By reason of and as a result of the negligence and carelessness of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson Associates in Radiology of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss of enjoyment of life.

215.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson Associates in Radiology of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, the Decedent suffered serious, severe, and permanent injuries, which included, but were not limited to loss of chances of cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

216.   By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson Associates in Radiology, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia

Case ID: 140400575

Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by

Defendant Jefferson Associates in Radiology of its employees, servants, agents, and/or

ostensible agents, including Defendant Dr. Cynthia Miller, Plaintiff's decedent Milton

Westray was forced to incur, and did incur various expenses for medical care and treatment.

217.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's

conscious pain and suffering and all other pecuniary losses which the decedent sustained as a

result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of

the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant

Jefferson Associates in Radiology, jointly and severally with the other named Defendants, in an

amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT FOURTEEN – SURVIVAL

### SANDRA WESTRAY v. JEFFERSON UNIVERSITY PHYSICIANS

218.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

219.    At all times relevant, Defendant Dr. Cynthia Miller, who cared for and was responsible

for the diagnosis and treatment of the Decedent, was the duly appointed servant, employee,

agent and/or ostensible agent of Defendant Jefferson University Physicians and acted within

the scope of her agency and/or employment.  In addition, Defendant Dr. Cynthia Miller

either worked in, operated out of, and/or had privileges at Defendant Jefferson University

Physicians.

220.    Defendant Jefferson University Physicians is directly liable for its own corporate

negligence, and vicariously liable for the conduct of its employees, agents, and/or ostensible

agents, including Defendant Dr. Cynthia Miller, who acted within the scope of their agency and/or employment in the care and treatment of Plaintiff's Decedent at Defendant Jefferson University Physicians in the following aspects:

a. Failure to properly and adequately supervise, monitor, and train its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller;

b. Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT Scan for further evaluation of the Plaintiff's decedent Milton Westray in light of his family history of lung cancer;

c. Failure to employ and retain competent physicians that would have timely and properly interpreted the chest x-ray of Milton Westray in December 2011, and recommended a chest CT scan for further evaluation in light of his family history of lung cancer;

d. Failure to adopt and enforce appropriate rules and procedures for the timely and proper interpretation of radiological studies including of the chest x-ray of Milton Westray in December 2011;

e. Failure to ensure that its employees, servants, agents, and/or ostensible agents including Dr. Cynthia Miller timely diagnosed  Plaintiff's decedent Milton Westray's lung cancer; and

f. Failure to ensure that its employees, servants, agents and/or ostensible agents including Dr. Cynthia Miller complied with the prevailing standards of care in the evaluation, diagnosis, and treatment of Plaintiff's decedent Milton Westray.

Case ID: 140400575

221.    The actions, inactions, errors, and/or omissions described in Paragraphs 278 (a) through

(f) above of Defendant Jefferson University Physicians, acting by and through its employees,

servants, agents and/or ostensible agents including Dr. Cynthia Miller, substantially

increased the Decedent's risk of harm, injury, and morbidity.

222.    By reason of and as a result of the negligence and carelessness of Defendant Jefferson

University Physicians, acting by and through its employees, servants, agents, and/or

ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent

supervision, monitoring, staffing, and retention by Defendant Jefferson University Physicians

of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia

Miller, the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed

until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium,

bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss

of enjoyment of life.

223.    By reason of, and as a result of the aforesaid incidents, and the negligence and

carelessness of Defendant Jefferson University Physicians, acting by and through its

employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia

Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by

Defendant Jefferson University Physicians of its employees, servants, agents, and/or

ostensible agents, including Defendant Dr. Cynthia Miller, the Decedent suffered serious,

severe, and permanent injuries, which included, but were not limited to loss of chances of

cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression,

loss of life's pleasures, and pains.

74

224.    By reason of, and as a result of the aforesaid incidents, and the negligence and carelessness of Defendant Jefferson University Physicians, acting by and through its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, and as a result of the negligent supervision, monitoring, staffing, and retention by Defendant Jefferson University Physicians of its employees, servants, agents, and/or ostensible agents, including Defendant Dr. Cynthia Miller, Plaintiff's decedent Milton Westray was forced to incur, and did incur various expenses for medical care and treatment.

225.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's conscious pain and suffering and all other pecuniary losses which the decedent sustained as a result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Jefferson University Physicians, jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

### COUNT FIFTEEN – SURVIVAL

### SANDRA WESTRAY v. DONNA RAZIANO, M.D.

226.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

227.    Defendant Dr. Donna Raziano, at all times relevant, held herself out as a licensed physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients, including Mr. Westray, with signs and symptoms of lung cancer.

228.    Dr. Raziano, as Mr. Westray's treating physician, acted negligently and carelessly in the performance of the following acts and/or omissions:

75

Case ID: 140400575

    a.   Failure to properly diagnose and timely treat the Decedent's lung cancer;

    b.   Failure to consider lung cancer as the cause of Mr. Westray's signs and symptoms; and

    c.   Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or pulmonary function test to further evaluate Mr. Westray's presenting signs and symptoms including shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough, despite his family history of lung cancer;

229.    The liability imposing conducts of Defendant Dr. Raziano, acting individually and/or jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and morbidity.

230.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness of Dr. Raziano, the Decedent's non-small cell adenocarcinoma of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss of enjoyment of life.

231.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Raziano, the Decedent suffered serious, severe, and permanent injuries, which included, but were not limited to loss of chances of cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

232.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Raziano, Plaintiff's decedent Milton Westray, was forced to incur, and did incur various expenses for medical care and treatment.

Case ID: 140400575

233.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's conscious pain and suffering and all other pecuniary losses which the decedent sustained as a result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Donna Raziano, M.D., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT SIXTEEN – SURVIVAL

### SANDRA WESTRAY v. LAWANDA GOEHRING, C.R.N.P.

234.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

235.    Defendant Lawanda Goehring, C.R.N.P., at all times relevant, held herself out as a certified registered nurse practitioner, qualified to provide primary/nursing care and treatment to patients, including Mr. Westray, with signs and symptoms of lung cancer.

236.    Deborah Lawanda Goehring, as Mr. Westray's certified registered nurse practitioner, acted negligently and carelessly in the performance of the following acts and/or omissions:

   a.   Failure to properly diagnose and timely treat the Decedent's lung cancer;

   b.   Failure to consider lung cancer as the cause of Mr. Westray's signs and symptoms; and

   c.   Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or pulmonary function test to further evaluate Mr. Westray's presenting signs and symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening peripheral edema, and cough, despite his family history of lung cancer.

77

237.    The liability imposing conducts of Defendant Lawanda Goehring, C.R.N.P., acting

individually and/or jointly and/or severally, substantially increased the Decedent's risk of

harm, injury, and morbidity.

238.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Defendant Lawanda Goehring, C.R.N.P., the Decedent's non-small cell adenocarcinoma

of the lungs remained undiagnosed until it had become metastatic to thoracic and abdominal

lymph nodes, brain, pericardium, bilateral adrenal glands, liver and spine, leading to

excruciating pain and suffering, and loss of enjoyment of life.

239.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Lawanda Goehring, C.R.N.P., the Decedent suffered serious, severe, and

permanent injuries, which included, but were not limited to loss of chances of cure and

survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of

life's pleasures, and pains.

240.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Lawanda Goehring, C.R.N.P., Plaintiff's decedent Milton Westray, was forced to

incur, and did incur various expenses for medical care and treatment.

241.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's

conscious pain and suffering and all other pecuniary losses which the decedent sustained as a

result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of

the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant

Lawanda Goehring, C.R.N.P., jointly and severally with the other named Defendants, in an

amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

Case ID: 140400575

## COUNT SEVENTEEN – SURVIVAL

## SANDRA WESTRAY v. PAMNEIT BHOGAL, M.D.

242.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

243.    Defendant Dr. Pamneit Bhogal, at all times relevant, held herself out as a licensed

physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients,

including Mr. Westray, with signs and symptoms of lung cancer.

244.    Dr. Bhogal, as Mr. Westray's treating physician, acted negligently and carelessly in the

performance of the following acts and/or omissions:

      a.    Failure to properly diagnose and timely treat the Decedent's lung cancer;

      b.    Failure to consider lung cancer as the cause of Mr. Westray's signs and

        symptoms; and

      c.    Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or

        pulmonary function test to further evaluate Mr. Westray's presenting signs and

        symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening

        peripheral edema, and cough, despite his family history of lung cancer.

245.    The liability imposing conducts of Defendant Dr. Bhogal, acting individually and/or

jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and

morbidity.

246.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Dr. Bhogal, the Decedent's non-small cell adenocarcinoma of the lungs remained

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain,

Case ID: 140400575

pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and suffering, and loss of enjoyment of life.

247.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Bhogal, the Decedent suffered serious, severe, and permanent injuries, which included, but were not limited to loss of chances of cure and survival, fatigue, mental pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

248.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of Defendant Dr. Bhogal, Plaintiff's decedent Milton Westray, was forced to incur, and did incur various expenses for medical care and treatment.

249.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's conscious pain and suffering and all other pecuniary losses which the decedent sustained as a result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Pamneit Bhogal, M.D., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

## COUNT EIGHTEEN– SURVIVAL

### SANDRA WESTRAY v. VERONICA COVALESKY, M.D., F.A.C.C.

250.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

251.    Defendant Dr. Veronica Covalesky, F.A.C.C., at all times relevant, held herself out as a licensed physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients, including Mr. Westray, with signs and symptoms of lung cancer.

80

252.    Dr. Covalesky, as Mr. Westray's treating physician, acted negligently and carelessly in

the performance of the following acts and/or omissions:

    a.  Failure to properly diagnose and timely treat the Decedent's lung cancer;

    b.  Failure to consider lung cancer as the cause of Mr. Westray's signs and

       symptoms; and

    c.  Failure to order, recommend, refer for, and/or obtain a chest CT scan and/or

       pulmonary function test to further evaluate Mr. Westray's presenting signs and

       symptoms  including shortness of breath, chest pain, weakness, fatigue, worsening

       peripheral edema, and cough, despite his family history of lung cancer;

253.    The liability imposing conducts of Defendant Dr. Covalesky, acting individually and/or

jointly and/or severally, substantially increased the Decedent's risk of harm, injury, and

morbidity.

254.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Dr. Covalesky, the Decedent's non-small cell adenocarcinoma of the lungs remained

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain,

pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and

suffering, and loss of enjoyment of life.

255.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Dr. Covalesky, the Decedent suffered serious, severe, and permanent injuries,

which included, but were not limited to loss of chances of cure and survival, fatigue, mental

pains, anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

Case ID: 140400575

256.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Dr. Covalesky, Plaintiff's decedent Milton Westray, was forced to incur, and did

incur various expenses for medical care and treatment.

257.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's

conscious pain and suffering and all other pecuniary losses which the decedent sustained as a

result of the negligence and carelessness of the Defendants.

**WHEREFORE**, Plaintiff Sandra Westray, individually and as the personal representative of

the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant

Veronica Covalesky, M.D., F.A.C.C., jointly and severally with the other named Defendants, in

an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

**COUNT NINETEEN – SURVIVAL**

**SANDRA WESTRAY v. CYNTHIA MILLER, M.D.**

258.    Plaintiff incorporates herein by reference each and every preceding paragraph of this

Complaint as if each were set forth fully herein.

259.    Defendant Dr. Cynthia Miller, at all times relevant, held herself out as a licensed

physician, qualified to diagnose, evaluate, investigate, refer, and properly treat patients,

including Mr. Westray, with signs and symptoms of lung cancer.

260.    Dr. Miller, as Mr. Westray's treating physician, acted negligently and carelessly in the

performance of the following acts and/or omissions:

      a.   Failure to timely and properly interpret the chest x-ray of Milton Westray in

          December 2011;

82

     b.  Failure to recommend a chest CT Scan for further evaluation of the Plaintiff's

          decedent Milton Westray in light of his presenting signs and symptoms, and

          family history of lung cancer; and

     c.  Failure to consider lung malignancy as the cause of Mr. Westray's clinical signs

          and symptoms despite his family history of lung cancer.

261.    The actions, inactions, errors, and/or omissions of Defendant Dr. Miller, acting

individually and/or jointly and/or severally, substantially increased the Decedent's risk of

harm, injury, and morbidity.

262.    By reason of and as a result of the aforesaid incidents and the negligence and carelessness

of Dr. Miller, the Decedent's non-small cell adenocarcinoma of the lungs remained

undiagnosed until it had become metastatic to thoracic and abdominal lymph nodes, brain,

pericardium, bilateral adrenal glands, liver and spine, leading to excruciating pain and

suffering, and loss of enjoyment of life.

263.    By reason of, and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Dr. Miller, the Decedent suffered serious, severe, and permanent injuries, which

included, but were not limited to loss of chances of cure and survival, fatigue, mental pains,

anguish, debilitation, emotional distress, depression, loss of life's pleasures, and pains.

264.    By reason of and as a result of the aforesaid incidents, the negligence and carelessness of

Defendant Dr. Miller, Plaintiff's decedent Milton Westray, was forced to incur, and did incur

various expenses for medical care and treatment.

265.    Plaintiff Sandra Westray, the Decedent's wife, is entitled to recover for the Decedent's

conscious pain and suffering and all other pecuniary losses which the decedent sustained as a

result of the negligence and carelessness of the Defendants.

Case ID: 140400575

**WHEREFORE,** Plaintiff Sandra Westray, individually and as the personal representative of the Estate of Milton Westray (Deceased), demands judgment in her favor and against Defendant Cynthia Miller, M.D., jointly and severally with the other named Defendants, in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interests.

**RESPECTFULLY SUBMITTED,**

**EMMANUEL LAW FIRM, LLC**

BY: /S/ _____
       Emmanuel O. Iheukwumere, Esquire
       Fabio A. Sciarrino, Esquire
       Attorneys for Plaintiff Sandra Westray
       Individually and as the Personal
       Representative of the Estate of
       Milton Westray (Deceased)

**DATED:**     October 23, 2014

Case ID: 140400575

| | | |
|---|---|---|
| **SANDRA WESTRAY, Individually** | : | **COURT OF COMMON PLEAS** |
| **And as the Personal Representative** | : | **OF PHILADELPHIA COUNTY** |
| **Of the Estate of Milton Westray** | : | |
| **(Deceased),** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **CIVIL DIVISION** |
| **vs.** | : | |
| | : | **APRIL TERM, 2014** |
| **MERCY LIFE, MERCY HEALTH** | : | **NO.: 00575** |
| **SYSTEM, ET AL.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

## VERIFICATION TO THE AMENDED COMPLAINT

I, Fabio A. Sciarrino, Esquire, of Emmanuel Law Firm, LLC, counsel for the Plaintiff Sandra Westray, Individually and as the Personal Representative of the Estate of Milton Westray (Deceased), hereby verify that to the best of my information, knowledge, and belief, all the facts set forth in the above-captioned Second Amended Complaint are true and accurate. I understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.

**RESPECTFULLY SUBMITTED,**

**EMMANUEL LAW FIRM, LLC**

BY: /S/
      Fabio A. Sciarrino, Esquire
      Attorney for Plaintiff Sandra Westray
      Individually and as the Personal
      Representative of the Estate of
      Milton Westray (Deceased)

**DATED:**      October 23, 2014

1

# EXHIBIT B

# IN THE COURT OF COMMON PLEAS
## COUNTY OF PHILADELPHIA COUNTY, PENNSYLVANIA

SANDRA WESTRAY     :
Individually and as the Personal  :
Representative of the Estate of   :
Milton Westray (Deceased)   :
3816 N. Archer Street     :
Philadelphia, PA 19140    :
     Plaintiff,    :   APRIL TERM, 2014
           :   No.: 00575

     v.      :
           :
MERCY LIFE      :
1930 S. Broad Street     :
Philadelphia, PA 19145    :
Philadelphia PA 19107    :
           :
and         :
           :
MERCY HEALTH SYSTEM  :
One West Elm Street     :
Suite 100        :
Conshohocken, PA 19428   :
           :
and         :
           :
CARDIOLOGY CONSULTANTS OF :
PHILADELPHIA, P.C.     :
1703 S. Broad Street     :
Philadelphia, PA 19145    :
           :
and         :
           :
JEFFERSON ASSOCIATES IN  :
RADIOLOGY       :
2301 S. Broad Street     :
Philadelphia, PA 19148    :
           :
and         :

JEFFERSON UNIVERSITY PHYSICIANS :
833 Chestnut Street, Suite 630 :
Philadelphia, PA 19107 :
 :
and :
 :
DONNA RAZIANO, M.D. :
C/O Mercy Life :
1930 S. Broad Street :
Philadelphia, PA 19145 :
 :
and :
 :
LAWANDA GOEHRING, C.R.N.P. :
C/O Mercy Life :
1930 S. Broad Street :
Philadelphia, PA 19145 :
 :
and :
 :
PAMNEIT BHOGAL, M.D. :
The 4th Street Medical Suite :
1401 South 4th Street, Suite 4 :
Philadelphia, PA 19147 :
 :
and :
 :
VERONICA COVALESKY, M.D., :
C/O Cardiology Consultants of Philadelphia :
1703 S. Broad Street :
Philadelphia, PA 19145 :
 :
and :
 :
CYNTHIA MILLER, M.D. :
C/O Jefferson Associates in Radiology :
2301 S. Broad Street :
Philadelphia, PA 19148, :
    DEFENDANTS. :

## NOTICE OF DETERMINATION THAT CERTAIN DEFENDANTS ARE DEEMED TO BE EMPLOYEES OF THE PUBLIC HEALTH SERVICE

TO:    Joseph H. Evers, Prothonotary
       Office of the Prothonotary
       First Judicial District of Pennsylvania
       Room 284 City Hall
       Philadelphia, PA 19107

PLEASE TAKE NOTICE THAT, pursuant to 42 U.S.C. § 233(l)(1), the Attorney General of the United States, by and through his designee, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, has determined that defendant, Pamneit Bhogal, M.D., is deemed to be an employee of the Public Health Service with respect to the actions or omissions that are the subject of the above-captioned civil action.

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

VERONICA J. FINKELSTEIN
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8598
Fax: (215) 861-8618
Veronica.finkelstein@usdoj.gov

Dated: 6/4/15

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing Notice of Determination with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, and I caused a true and correct copy to be served by First Class U.S. Mail, postage prepaid upon:

Fabio A. Sciarrino, Esquire
Emmanuel Law Firm, LLC
2 Penn Center, Suite 605,
1500 JFK Blvd.
Philadelphia, PA 19102

*Attorney for Plaintiff*

John C. Farrell, Esq.
Katherine C. Koob, Esq.
Christine M. Becer, Esq.
2000 Market St., Suite 2300
Philadelphia, PA 19103

*Attorney for Defendants Cardiology Consultants of Philadelphia P.C.
and Veronica Covalesky F.A.C.C.*

James A. Young, Esq.
Caroline D. Bar, Esq.
Christie Pabarue and Young
1880 JFK BLVD., 10th FL
Philadelphia, PA 19103

*Attorney for Defendants Temple University Physicians, Temple Health System, Temple
University Hospital, Deborah Gleeson CRNP, Nathaniel Marchetti, Mathur Moses, Albert J.
Mamary, and Amanda Horn*

Daniel J. Divas, Esq.
Frank A. Gerolamo, Esq.
Gerolamo McNulty Divis Lewbart
121 S. Broad St., Ste 1400
Philadelphia, PA 19107

*Attorney for Defendants Mercy Health System, Mercy Life, Lawanda Goehring, CRNP and
Donna Raziano*

Barri A. Orlow, Esq.
Amelia Romanowicz, Esq.
Post & Schell, P.C.
1600 JFK BLVD., 13th FL
Philadelphia, PA 19107

*Attorney for Defendants Jefferson University Physicians, Jefferson Associates in Radiology, and Cynthia Miller*

_Veronica_ ⟶
_____
VERONICA J. FINKELSTEIN
Assistant United States Attorney

Date: 6/4/15