IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA WESTRAY | : |
| | : Civil Action No. 15-03098 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MERCY LIFE, et al. | : |
| | : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of defendant Dr. Pamneit Bhogal's Motion to Substitute the United States and to Dismiss the plaintiff's Complaint, it is hereby ORDERED that:

1. The motion is GRANTED;

2. Defendant Pamneit Bhogal, M.D. is dismissed with prejudice;

3. Pursuant to 42 U.S.C. § 233(c), the United States of America is substituted as the sole federal defendant; and

4. The United States of America is dismissed for lack of subject-matter jurisdiction on the ground that plaintiff has failed to exhaust administrative remedies.

BY THE COURT:

_____
HONORABLE LAWRENCE F. STENGEL
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA WESTRAY | : |
| | : Civil Action No. 15-03098 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MERCY LIFE, et al. | : |
| | : |
| Defendants. | : |

## DEFENDANT DR. PAMNEIT BHOGAL'S MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS THE PLAINTIFF'S COMPLAINT

Defendant Pamneit Bhogal, M.D., through her attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Veronica J. Finkelstein, Assistant United States Attorney in and for the same district, hereby moves pursuant to 42 U.S.C § 233(c) for an order substituting the United States in her place as the sole federal defendant, and moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing her with prejudice for lack of subject matter jurisdiction. The United States, as substituted defendant, also moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing the United States for plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The bases for this motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_/s/ Margaret L. Hutchinson_
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division


*Veronica J.*

---

VERONICA J. FINKELSTEIN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8598
Fax: (215) 861-8618
Email: veronica.finkelstein@usdoj.gov

Dated: 6/9/15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA WESTRAY | : |
| | : Civil Action No. 15-03098 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MERCY LIFE, et al. | : |
| | : |
| Defendants. | : |

## DEFENDANT DR. PAMNEIT BHOGAL'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO SUBSITUTE THE UNITES STATES AND TO DISMISS THE PLAINTIFF'S COMPLAINT

Defendant Pamneit Bhogal, M.D. moves pursuant to 42 U.S.C § 233(c) for an order substituting the United States in her place as the sole federal defendant, and moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing her with prejudice for lack of subject matter jurisdiction. The United States, as substituted defendant, also moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing the United States for plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2675(a). For these reasons, Dr. Bhogal respectfully requests that the Court grant the instant motion, substitute the United States, and dismiss all claims with prejudice.

### I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

This medical malpractice case relates to care received by Milton Westray prior to his death from lung cancer on May 19, 2012. Plaintiff, Mr. Westray's wife, Sandra Westray, in her

---

[1] Some of the facts set forth herein are those set forth in the plaintiff's complaint. Dr. Bhogal lacks information and belief as to the actual veracity of many facts and accepts these facts arguendo only for the purposes of this motion.

individual capacity and as executor of Mr. Westray's estate, initiated a complaint, via writ of summons, on April 9, 2014 in the Court of Common Pleas of Philadelphia County, Pennsylvania. Plaintiff filed a complaint on May 28, 2014, an amended complaint on August 5, 2014, and a second amended complaint on October 23, 2014. The second amended complaint is attached hereto as Exhibit "A."

Among other defendants, plaintiff named Dr. Bhogal as a defendant in her state court complaint. Although she is named as a defendant, the complaint contains no factual allegations regarding alleged malpractice by Dr. Bhogal. No acts or omissions by Dr. Bhogal are described. Aside from a conclusory statement that "Dr. Bhogal was responsible for the medical care and treatment of plaintiff's Decedent Milton Westray" and a passing reference to another physician who tried to reach Dr. Bhogal's office and was unable to, there are no factual allegations relating to Dr. Bhogal. See Ex. A, ¶¶ 14, 72.

Dr. Bhogal is employed by Greater Philadelphia Health Action, Inc. ("GPHA"). See printouts of the GPHA website, attached hereto as Exhibit "B." The address provided for Dr. Bhogal in the complaint is identified on the GPHA website as the address for one of GPHA's offices. Compare Ex. A ¶ 13 with Ex. B. GPHA is a federal funded health center. Its employees, acting in the scope of their federally funded employment, are deemed to be covered by the Tort Claims Act. See Declaration of James C. Anagnos, attached hereto as Exhibit "C." The GPHA website itself notes that the GPHA "is governed by the Federal Tort Claims Act." See Ex. B. Neither the plaintiff nor Mr. Westray presented an administrative claim under the Tort Claims Act prior to initiating the operant complaint. See Ex. C, ¶ 3.

II.  STANDARD OF REVIEW ON A MOTION TO DISMISS

The instant motion to dismiss is made pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure (the "Rules"). Because the underlying motion addresses the trial court's jurisdiction, the trial court may weigh the evidence and satisfy itself as to the existence of its power to hear the case. See Morris v. Gonzales, No. 06-cv-4383, 2007 U.S. Dist. LEXIS 69520, *6-7 (E.D. Pa. Sept. 19, 2007). As a result, the trial court "is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction." Id. (citing Cestonaro v. United States, 211 F.3d 749, 752 (3rd Cir. 2000)). Where jurisdiction is in dispute, plaintiff bears the burden of proving that jurisdiction exists. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991).

A trial court should grant a motion to dismiss if it appears that the plaintiff can prove no facts to support the relief requested. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3rd Cir. 1988). In deciding a motion to dismiss, the trial court must accept as true all well-pled factual allegations of the non-moving party, and must view all inferences in the light most favorable to that party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3rd Cir. 1989).

III. ARGUMENT

> **A. Defendant Pamneit Bhogal, M.D. Must Be Dismissed as a Defendant and the United States Must Be Substituted as Defendant Because It Is the Only Proper Defendant for the Common Law Tort Claims Against Her.**

The United States Attorney has certified that by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C.§ 233(c), Dr. Bhogal was and is deemed to be an employee of the Public Health Service, covered by the FTCA, 28 U.S.C. §§ 1346(b) and 2672. See Notice of Determination, attached hereto as Exhibit "D." The applicable Public Health Service statute, 42 U.S.C. § 233(c), states that the FTCA provides the exclusive remedy for any

negligence action resulting from the acts or omissions of a deemed employee of the Public Health Service acting within the scope of her employment, and that the proceeding shall be "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." The United States, and not any of its agencies or employees, is the only proper defendant. 42 U.S.C. § 233(c); see also Brown v. U.S. Justice Dep't, 271 Fed. App'x 142, 144-45 (3d Cir. 2008); Leitch v. MVM, Inc., 2004 WL 16381321, at * 2 (E.D. Pa. July 22, 2004).

As a deemed federal employee, Dr. Bhogal, is not a proper party to this suit, and this Court lacks subject matter jurisdiction to adjudicate the claims against her. Therefore, defendant Dr. Bhogal should be dismissed with prejudice and the United States substituted as the sole federal defendant.

### B. This Court Lacks Subject-Matter Jurisdiction over the Claims Against the United States as Substituted Defendant Because Plaintiff Failed To Exhaust Her Administrative Remedies.

Even though the United States of America is the only proper defendant for the common law tort claims brought against defendant Dr. Bhogal, these claims cannot be adjudicated because the Court does not have subject-matter jurisdiction. Because plaintiff's common law tort claims are governed by the FTCA, before filing her suit, plaintiff was required to file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a).[2] Plaintiff did not

---

[2] This section provides: "An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Moreover, "A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

do so. See Ex. C ¶ 3. Through this exhaustion requirement, Congress intended "to ease court congestion . . . while making it possible for the Government to expedite the fair settlement of tort claims" and to provide "for more fair and equitable treatment of private individuals and claimants." Tucker v. United States Postal Serv., 676 F.2d 954, 958 (3d Cir. 1982). This administrative exhaustion requirement "is jurisdictional and cannot be waived." Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); see also Tucker, 676 F.2d at 959 ("Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim.); Wilder v. Luzinski, 123 F. Supp.2d 312, 313 (E.D. Pa. 2000) ("[A] court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely.")

In McNeil v. United States, 508 U.S. 106, 111 (1993), the Supreme Court stated that the presentment and denial requirement in the FTCA is "unambiguous."

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command. Moreover, given the clarity of the statutory text, it is certainly not a 'trap for the unwary.'

McNeil, 508 U.S. at 112-13. Thus the Supreme Court made it clear that administrative remedies must be exhausted before the initiation of a lawsuit. Id. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); see also Wujick v. Dale & Dale, Inc., 43 F.3d 790, 793-94 (3d Cir. 1994) (court noted that administrative

exhaustion requirement under the FTCA was mandatory and that Supreme Court had "firmly rejected" the "no harm, no foul" reasoning).

Here, plaintiff's claim against the United States should be dismissed because plaintiff did not present an administrative claim to the United States Department of Health and Human Services that complied with all Tort Claims Act requirements. In fact, the United States Department of Health and Human Services can find no evidence that any administrative claim was presented by either Mr. Westray or plaintiff. See Ex. C ¶ 3. Without prior timely presentment of an administrative claim, plaintiff cannot sue the United States, or its deemed employee, Dr. Bhogal, in tort.

Such failure cannot now be cured. Although the complaint identifies no specific action or omission by Dr. Bhogal, Mr. Westray's treatment, as described in the complaint, generally occurred between July, 2008 and his death on May 19, 2012. Assuming any alleged malpractice occurred within that time-frame, any administrative claim had to be presented no later than May 19, 2014. Any claim presented now, therefore, would be untimely.

Nor can the statute of limitations to present a claim be tolled, in this instance. Plaintiff could and should have readily discovered that claims arising from Dr. Bhogal's actions and omissions were governed by the Tort Claims Act. Any research into GPHA's status would have revealed this fact. This fact was clearly stated on GPHA's website. See Ex. B. It could have also been discovered by a search of prior litigation against GPHA.

The United States' waiver of sovereign immunity is limited and requires strict compliance. Plaintiff was required to exhaust her administrative remedies before pursuing claims under the Tort Claims Act. Plaintiff failed to comply and thus the Court lacks jurisdiction over her claims against Dr. Bhogal. The complaint against the United States should be dismissed

for failure to exhaust administrative remedies, and lack of subject-matter jurisdiction. McNeil, 508 U.S. at 113.[3]

## IV. CONCLUSION

For all the foregoing reasons, Defendant Dr. Bhogal respectfully requests that the Court substitute the United States of America as the defendant for the common law tort claims raised against her, and dismiss those claims against him with prejudice. Once the United States is substituted as the defendant, the United States respectfully requests that it be dismissed for plaintiff's failure to exhaust administrative remedies, and for lack of subject-matter jurisdiction.

---

[3] In the alternative, the United States moves under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for dismissal for failure to properly serve the complaint and for failure to state a claim.

There is no evidence to suggest that any complaint was properly served on the United States Attorney, the Attorney General, or United States Department of Health and Human Services. For this reason, the complaint has not been properly served. Unless the plaintiff can rebut this apparent failure with evidence of proper service, the complaint should be dismissed.

The complaint also does not meet the requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). The complaint does not identify, factually, any actions or omissions by Dr. Bhogal. Aside from a conclusory statement that "Dr. Bhogal was responsible for the medical care and treatment of Plaintiff's Decedent Milton Westray" and a passing reference to another physician who allegedly tried to reach Dr. Bhogal's office and was unable to, there are no factual allegations relating to Dr. Bhogal. Exhibit A, ¶¶ 14, 72. The complaint must identify specific conduct by Dr. Bhogal that the plaintiff asserts fell below the applicable standard of care. The complaint contains no allegations that even arguably meet this pleading requirement. In a medical malpractice complaint, if there are no factual allegations that refer to a specific provider's conduct, that provider is properly dismissed. See, e.g., Milliner v. Diguglielmo, No. 08-4905, 2011 U.S. Dist. LEXIS 64439, at *34 (E.D. Pa. June 8, 2011) (dismissing all claims against a health care administrator where the complaint contained no allegations of wrongdoing by her).

ZANE DAVID MEMEGER
United States Attorney

_/s/ Margaret L. Hutchinson_
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_/s/ Veronica J._
VERONICA J. FINKELSTEIN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8598
Fax: (215) 861-8618
Email: veronica.finkelstein@usdoj.gov

Dated: 6/9/15

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2015, a true and correct copy of the foregoing motion has been served by first class mail, postage prepaid, upon the following:

Fabio A. Sciarrino, Esquire
Emmanuel Law Firm, LLC
2 Penn Center, Suite 605,
1500 JFK Blvd.
Philadelphia, PA 19102
*Attorney for Plaintiff*

John C. Farrell, Esq.
Katherine C. Koob, Esq.
Christine M. Becer, Esq.
2000 Market St., Suite 2300
Philadelphia, PA 19103
*Attorney for Defendants Cardiology Consultants of Philadelphia P.C.
and Veronica Covalesky F.A.C.C.*

Daniel J. Divas, Esq.
Frank A. Gerolamo, Esq.
Gerolamo McNulty Divis Lewbart
121 S. Broad St., Ste 1400
Philadelphia, PA 19107
*Attorney for Defendants Mercy Health System, Mercy Life, Lawanda Goehring, CRNP and Donna Raziano*

Barri A. Orlow, Esq.
Amelia Romanowicz, Esq.
Post & Schell, P.C.
1600 JFK BLVD., 13th FL
Philadelphia, PA 19107

*Attorney for Defendants Jefferson University Physicians, Jefferson Associates in Radiology, and Cynthia Miller*

*Veronica F.*
VERONICA J. FINKELSTEIN
Assistant United States Attorney