**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDRA WESTRAY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| | : | |
| **MERCY LIFE, et al.,** | : | **NO. 15-3098** |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

**STENGEL, J.** **April 13, 2016**

This is a medical malpractice action that was originally filed in Philadelphia County Court of Common Pleas but was removed to federal court under the Federal Tort Claims Act ("FTCA"). The plaintiff, Sandra Westray, brought this action against Mercy Life, Mercy Health System, Cardiology Consultants of Philadelphia, P.C., Jefferson Associates in Radiology, Jefferson University Physicians, Donna Raziano, M.D., Lawanda Goehring, C.R.N.P., Pamneit Bhogal, M.D., Veronica Covalesky, M.D. and Cynthia Miller, M.D. By an Order dated July 6, 2015, this Court dismissed Dr. Pamneit Bhogal, an employee of the Public Health Service, from the case and substituted the United States government for Dr. Bhogal. Now before this Court is the government's motion to dismiss Mercy Life, Mercy Health System, Donna Raziano and Lawanda Goehring's cross-claim pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Two responses in opposition have been filed to the government's motion, one by Veronica Covalesky and Cardiology Consultants of Philadelphia, and one by Mercy Life, Mercy Health System, Donna

Raziano, and Lawanda Goehring.[1] For the reasons discussed below, I am denying the government's 12(b)(1) motion to dismiss the cross-claim for lack of subject matter jurisdiction and I am granting the government's 12(b)(6) motion to dismiss the cross-claim for failure to state a claim.

## I. BACKGROUND[2]

On April 9, 2014, Sandra Westray, the wife and executor of the estate of her deceased husband, Milton Westray, initiated this case in the Court of Common Pleas of Philadelphia County. (Doc. No. 16[3], Ex. A, 9). Ms. Westray filed an amended complaint on August 5, 2014 and second amended complaint on October 23, 2014. (Id. at 21, 26). The October 23, 2014 complaint ("the operative complaint") alleges various forms of medical malpractice in the treatment and care of her husband which ultimately led to his death on May 19, 2012. (Doc. No. 1[4], Ex. A). In the operative complaint, Ms. Westray asserts a wrongful death and survival cause of action against each of the defendants.[5] (Id.)

---

[1] I will refer to these defendants and their responses collectively.
[2] This section focuses on the procedural history of the case rather than the factual basis as the current motion turns on a procedural question rather than the underlying merit of Ms. Westray's complaint.
[3] Defendant Pamneit Bhogal's Motion to Substitute and Dismiss Cross-Claim.
[4] Plaintiff's October 23, 2014 Amended Complaint.
[5] The plaintiff's complaint alleges the following counts:

Count One-Wrongful Death, Sandra Westray v. Mercy Life
Count Two-Wrongful Death, Sandra Westray v. Mercy Health System
Count Three-Wrongful Death, Sandra Westray v. Cardiology Consultants of Philadelphia
Count Four-Wrongful Death, Sandra Westray v. Jefferson Associates in Radiology
Count Five-Wrongful Death, Sandra Westray v. Jefferson University Physicians
Count Six-Wrongful Death, Sandra Westray v. Donna Raziano
Count Seven-Wrongful Death, Sandra Westray v. Lawanda Goehring
Count Eight-Wrongful Death, Sandra Westray v. Pamneit Bhogal
Count Nine-Wrongful Death, Sandra Westray v. Veronica Covalesky
Count Ten-Wrongful Death, Sandra Westray v. Cynthia Miller
Count Eleven-Survival, Sandra Westray v. Mercy Life
Count Twelve-Survival, Sandra Westray v. Mercy Health System
Count Twelve [sic]-Survival, Sandra Westray v. Cardiology Consultants of Philadelphia
Count Thirteen-Survival, Sandra Westray v. Jefferson Associates in Radiology
Count Fourteen-Survival, Sandra Westray v. Jefferson University Physicians
Count Fifteen-Survival, Sandra Westray v. Donna Raziano
Count Sixteen-Survival, Sandra Westray v. Lawanda Goehring
Count Seventeen-Survival, Sandra Westray v. Pamneit Bhogal

On July 11, 2014, Ms. Westray filed a certificate of merit for several defendants including Dr. Bhogal, but on May 8, 2015, Ms. Westray withdrew that certificate of merit as to Dr. Bhogal. (Doc. No. 16, Ex. A, 16, 29-30). Following the withdrawal of the certificate of merit, Ms. Westray moved to discontinue all claims against Dr. Bhogal. (Doc. No. 16, Ex. F). On June 4, 2015, the government, on behalf of Dr. Bhogal, removed the case on the basis that Dr. Bhogal was a federal employee of the United States government under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c). (Doc. No. 1, Ex. B). As a federal employee, the FTCA governs any tort actions brought against Dr. Bhogal and provides the United States District Courts with exclusive jurisdiction. (Doc. No. 1, ¶ 4).

On June 9, 2015, the government moved for substitution of the government for Dr. Bhogal and for dismissal of the operative complaint for lack of jurisdiction. (Doc. No. 2[6]). The Court granted the substitution of the government for Dr. Bhogal by an Order dated July 6, 2015. (Doc. No. 19[7]). Furthermore, on August 17, 2015, the Court granted the government's motion to dismiss Ms. Westray's claims with prejudice for failing to exhaust her administrative remedies. (Doc. No. 27[8]). Currently, the only remaining claim against the government is a cross-claim that Defendants Mercy Life, Mercy Health System, Dr. Donna Raziano and Lawanda Goehring filed against the government on June 18, 2015.[9] (Doc. No. 6[10]).

---

Count Eighteen-Survival, Sandra Westray v. Veronica Covalesky
Count Nineteen-Survival, Sandra Westray v. Cynthia Miller

[6] Defendant Pamneit Bhogal's Motion to Dismiss for Lack of Jurisdiction and Motion to Substitute the United States.

[7] Court Order dated July 6, 2015 permitting the substitution of the government for Dr. Pamenit Bhogal on both the amended complaint and the cross-claim.

[8] Court Order dated August 17, 2015 dismissing the plaintiff's operative complaint for failure to exhaust administrative remedies.

[9] The defendants' cross-claim seeks to hold Dr. Bhogal solely liable, or jointly or severally liable by way of contribution and/or indemnification if the defendants are found to be negligent.

[10] Defendant Mercy Life, Mercy Health System, Donna Raziano and Lawanda Goehring's Cross-Claim against Dr. Pamneit Bhogal.

## II. STANDARD OF REVIEW

The government moves to dismiss the defendants' cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. Lack of Subject Matter Jurisdiction

Challenges to subject matter jurisdiction can be made at any time. Fed. R. Civ. P. 12(h)(3). In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), there is a crucial distinction between "12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction, and the Court must consider the allegations in the complaint as true." Smolow v. Hafer, 353 F.Supp.2d 561, 566 (E.D. Pa. 2005). A 12(b)(1) motion making a factual attack asserts that "there is no subject matter jurisdiction because the facts of the case . . .do not support the asserted jurisdiction." Constitution Party of Pa. v. Aichele, 757 F.3d 247, 358 (3d Cir. 2014). In other words, a facial attack "contests the sufficiency of the pleadings," In re Schering Plough Corp., 678 F.3d 235, 243 (3d Cir. 2012), "whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). For both the facial and factual attack, the plaintiff bears the burden of proving jurisdiction. Smolow, 353 F.Supp.2d at 566.

### B. Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the

complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6), district courts should conduct a two-part analysis. Fowler, 578 F.3d at 210. First, the court must separate the factual and legal elements of the claim. Id. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. Second, the court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim of relief." Id. (citing Iqbal, 556 U.S. at 678).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief." Iqbal, 556 U.S. at 677-78. While Federal Rule of Civil Procedure 8(a)(2) does not require the plaintiff to plead detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. In other words, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Moreover, a pleading is not sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id.

## III. DISCUSSION

### A. 12(b)(1) Motion to Dismiss

The claims set forth against the government in the plaintiff's operative complaint have already been dismissed for failure to exhaust administrative remedies.[11] The only remaining claim against the government is the defendants' cross-claim which is brought under the FTCA. The United States, as a sovereign, is immune from suit unless it consents to be sued. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The FTCA acts as a limited waiver to sovereign immunity and permits:

> claims against the United States, for money damages. . . .for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Moreover, the FTCA confers exclusive jurisdiction upon federal district courts over lawsuits arising under the FTCA. Santos v. United States, 559 F.3d 189, 193 (3d Cir. 2009)(citing 28 U.S.C. § 1346(b)). The government requests that the cross-claim against the government be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and in the alternative, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For purposes of deciding the government's 12(b)(1) motion, the relevant question is whether a court retains subject matter jurisdiction over an ancillary cross-claim where the claims in the operative complaint have already been dismissed for lack of subject matter jurisdiction.

---

[11] The government does not dispute that the administrative exhaustion requirement is not applicable to cross-claims brought under the FTCA. See 28 U.S.C. § 2675(a) ("The provisions of this subsection [regarding administrative exhaustion] shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.").

The government argues that this case is governed by the reasoning set forth in Fairview Park Excavating Co. Inc. v. Al Monzo Const. Co., Inc., 560 F.2d 1122 (3d Cir. 1977). In Fairview, the plaintiff subcontractor sought to recover payment from its general contractor and a Pennsylvania Township for construction work that the plaintiff performed under contract. Id. at 1123. The general contractor denied liability and brought a cross-claim against the Township. Id. at 1123-24. The district court granted the Township's motion to dismiss the plaintiff's claim and also dismissed the general contractor's cross-claim against the Township for lack of subject matter jurisdiction. Id. at 1124. In reviewing the district court's dismissal of the cross-claim, the Third Circuit stated that:

> If a federal court dismisses a plaintiff's claims for lack of subject matter jurisdiction, any cross-claims dependent on ancillary jurisdiction must necessarily fall as well, because it is the plaintiff's claim to which the cross-claim is ancillary that provides the derivative source of jurisdiction for the cross-claim.

Id. at 1125. Here, the government's argument is that Fairview directs me to dismiss the defendants' cross-claim against the government pursuant to 12(b)(1) since I have already dismissed the plaintiff's claims against the government for lack of subject matter jurisdiction. Essentially, the government claims that the plaintiff's operative complaint "provides the derivative source of jurisdiction for the cross-claim" against the defendants and therefore, the cross-claim cannot survive independent of that source of subject matter jurisdiction. Id. I cannot concede the government's argument that Fairview is the appropriate authority governing this case because the cross-claim in Fairview was based upon diversity jurisdiction rather than, as here, a claim against the federal government under the FTCA, a federal statute which provides independent and exclusive jurisdiction to federal districts courts over claims arising under it.

The defendants contend that Carr v. American Red Cross, 17 F.3d 671 (3d Cir. 1994) and its body of case law rather than the Fairview case is more properly the guidepost for this case given that it deals with cross-claims in which there is an independent basis for original subject matter jurisdiction. I agree. In Carr, the Third Circuit determined that the district court erred in dismissing the plaintiff's claim and the co-defendant's cross-claim against Red Cross, a federal entity with a charter that conferred federal jurisdiction over civil cases to which it was a party. Id. at 684. In deciding whether to reinstate the co-defendant's cross-claim, the Carr court noted:

> In addition, a corollary effect of the district court's order dismissing Red Cross from the suit was to dismiss Osteopathic's cross-claim against Red Cross as well. Clearly, if the district court had a basis of independent subject matter jurisdiction over Osteopathic's cross-claim against Red Cross. The district court could not have dismissed Red Cross, nor could it have declined to exercise jurisdiction over the case, merely because Carr opted not to pursue his claim against Red Cross.

Carr, 17 F.3d at 683 n.14 (citing Nat'l Res. Bureau, Inc. v. Bartholomew, 482 F.2d 386, 388-89 (3d Cir. 1973).

In a case factually similar to the case at hand, the court applied the reasoning of Carr with the result that the court denied the government's motion to dismiss the co-defendant's cross-claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Tomlin v. Pease, No. 14-202, 2014 WL 1340624, *4 (E.D. Pa. Apr. 4, 2014)("FTCA cross-claims must proceed in federal court regardless of whether the plaintiff has a claim pending against the United States."). In Tomlin, the plaintiff brought a medical malpractice action against the government under the FTCA and the co-defendants brought a cross-claim against the government. Id. at *1. The plaintiff's claims against the government were dismissed for failure to exhaust her administrative remedies; however, the Tomlin Court ruled that under Carr the co-defendants' cross-claim was

not subject to dismissal because the FTCA provided an independent basis for original subject matter jurisdiction. Id. at *6.

Here, the defendants' cross-claim against the government is brought under the FTCA which provides an independent basis for subject matter jurisdiction. For this reason, I believe that Carr and Tomlin rather than Fairview provides the most applicable guidance on this issue. Under Carr and Tomlin, even if the plaintiff's claim in the operative complaint against the government has been dismissed, the defendants' FTCA cross-claim against the government can survive because it has an independent source of subject matter jurisdiction. Accordingly, I will deny the government's 12(b)(1) motion to dismiss the defendants' cross-claim for lack of subject matter jurisdiction.

**B. 12(b)(6) Motion to Dismiss**

Alternatively, the government requests that this Court dismiss the defendants' cross-claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. I will grant the government's 12(b)(6) motion to dismiss the defendants' cross-claim because the defendants have failed to present any factual allegations demonstrating that they are entitled to relief. Instead, their cross-claim presents legal conclusions and formulaic recitations of a cause of action which are insufficient to survive a 12(b)(6) motion.

Despite the defendants' contention that a "Complaint [sic] need not include detailed factual allegations to overcome a Rule 12(b)(6) motion to dismiss," it is well-settled that a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bank v. City of Phila., 991 F.Supp.2d 523, 527 (E.D. Pa. 2014)(citations omitted). This means that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to survive a 12(b)(6) motion to

dismiss. Iqbal, 556 U.S. at 678; Se. Pa. Trans. Authority v. AECOM USA, Inc., No. 10-117, 2010 WL 4703533, *3 (E.D. Pa. Nov. 19, 2010)("The Court of Appeals and several district courts have noted that the pleading standards set forth in Twombley and Iqbal apply with equal force to crossclaims . . . .").

The defendants argue that government's motion to dismiss fails to acknowledge the seventeen detailed paragraphs in the plaintiff's complaint which provide the necessary factual support to meet the pleading standard of Rule 8(a). The issue with this argument is that the defendants have not stated anywhere in their cross-claim that they are incorporating by reference the allegations set forth in the plaintiff's complaint. Although Rule 10(c) of the Federal Rules of Civil Procedure provides that a "statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," Fed. R. Civ. P. 10(c), courts have been clear that the adoption in the later pleading must provide "'a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.'" Cooper v. Nationwide Mutual Ins. Co., No. 02-2138, 2002 WL 31478874, *5 (E.D. Pa. Nov. 7, 2002)(citing Gen'l Accident Ins. Co. of Am. v. Fid. & Deposit Co. of Md., 598 F.Supp. 1223, 1229 (E.D. Pa. 1984)); Muttathottlil v. Mansfield, 381 F. App'x 454, 457 (5th Cir. 2010)("a pleading incorporating allegations from other documents must clarify which statements are to be incorporated.")(citations omitted). There is no indication in the defendants' cross-claim that the cross-claim is incorporating by reference those factual allegations set forth in the plaintiff's complaint nor is there any clarification regarding the scope of incorporation. Without a statement of incorporation, I must consider only those allegations set forth on the face of the cross-claim which I find to be mere legal conclusions and formulaic recitations of a claim for

indemnification and contribution without any factual support. Accordingly, I will grant the government's 12(b)(6) motion to dismiss.

Even if I did consider those allegations set forth in the plaintiff's complaint in conjunction with the defendants' cross-claim, I would still find that the defendants' cross-claim has failed to present sufficient facts to support a claim for indemnification. "The right to be indemnified for a judgment can arise either through the operation of an express contractual provision or by means of the common law." Se. Pa. Transp. Authority, 2010 WL 4703533 at *6. Both the plaintiff's complaint and the defendants' cross-claim are seemingly devoid of any factual allegations establishing the defendants' right to indemnification. The defendants have not alleged that they have a contractual relationship with Dr. Bhogal nor have they alleged that there is a common law principle which might entitle them to indemnification. Essentially, the defendants' cross-claim makes a naked assertion that they are entitled to indemnification without any basis in fact. Therefore, even if the defendants had incorporated by reference those allegations in the plaintiff's complaint, I would still find that the defendants' cross-claim for indemnification was insufficient to survive the government's motion to dismiss.

## IV. CONCLUSION

For the reasons discussed above, I am denying the government's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and I am granting the government's 12(b)(6) motion to dismiss the cross-claim for failure to state a claim. However, Rule 15 of the Federal Rules of Civil Procedure mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, I will give the defendants twenty (20) days to amend their cross-claim.

An appropriate Order follows.